# HOLWELL SHUSTER & GOLDBERG LLP

*425 Lexington Avenue*
*New York, New York 10017*
*Tel:  (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Michael Shuster*
*(646) 837-5153*
*mshuster@hsgllp.com*

June 18, 2026

**VIA ECF**
Hon. Andrew L. Carter Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Ashley St. Clair v. X.AI Holdings Corp. et al.*, No. 1:26-cv-00386

Dear Judge Carter,

I write on behalf of Defendants X.AI Holdings Corp., X.AI LLC, and X.AI Corp. ("Defendants" or "X.AI") in response to Plaintiff's June 17, 2026 letter.  Dkt. 94.  The assertions made in the letter are false and legally irrelevant.

Defendants have conclusively established that multiple Terms of Service (and multiple versions of those Terms of Service) between both Plaintiff and X.AI, *and* between her and X Corp., require that this case be transferred to Texas.  *See, e.g.*, Dkt. 91.  Courts, including those within this Circuit, have concluded the same in similar circumstances.  *See generally, e.g.*, *Taddeo-Waite v. X. Corp.*, 2025 WL 3237422 (D. Conn. Nov. 20, 2025); *Doe v. X Corp.*, 2025 WL 3500543 (N.D. Cal. Nov. 6, 2025); *Eliza Labs, Inc. v. X Corp.*, 2025 WL 3003766 (N.D. Cal. Oct. 27, 2025); *Trupia v. X Corp.*, 2026 WL 381823 (N.D. Cal. Feb. 11, 2026).  Because of the forum-selection clause in *all* of the relied-on Terms of Service (any one of which is sufficient to warrant transfer), courts must "not consider arguments about the parties' private interests," *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 64 (2013)—yet Plaintiff's arguments continue to sound in private-interest, Ltr. at 1 (emphasizing "the state where she resides and suffered injury"); Ltr. at 3 (claiming Defendants are trying to "drag her to Texas").  Importantly, Plaintiff declines to mention that **her same counsel in this case recently entered appearances as counsel of record in the Texas action**.  This case should be transferred and proceed in Texas.  Plaintiff and her counsel can pursue her claims there, in the contractually-agreed forum.[1]

---

[1] Indeed, Plaintiff is the one engaged in forum shopping.  As part of a media tour, she has called the judge overseeing the Texas case, and the district in which he operates, a "rinky-dink court in bumble**** Texas."  *Ashley*

Plaintiff's efforts to tar Defendants for pursuing and protecting their legal rights are entirely misguided.  As noted, transfer is warranted under multiple different Terms of Service between Plaintiff and X.AI, as well as between Plaintiff and X Corp.  The amended complaint in Texas— claims for breach of the X.AI and X Terms of Service—is entirely consistent with Defendants' position here.  If Plaintiff believes Defendants don't have a claim because its "Terms of Service theor[y]" is "yet-unproven," Ltr. at 2, she can make whatever arguments she wants to make, through her current counsel, in Texas.

That brings us to the so-called "private litigation in state court."  Ltr. at 3.  The statements Plaintiff's counsel makes are false, and she should withdraw them.  That sealed case manifestly does not concern "closely related issues arising from substantially the same facts and occurrences" as this case.  Ltr. at 3.  It does not involve the same "parties."  Ltr. at 3.  There is no need or warrant for highly-sensitive, personal submissions from that case to be brought into the record here, nor is there any good reason for this Court to conference with Justice Pearlman about the case.  As public information reveals, the case before Justice Pearlman has no substantive bearing on this case.  *See, e.g.*, John Annese, N.Y. Daily News (May 29, 2025), *available at* https://www.spokesman.com/stories/2025/may/29/elon-musk-ashley-st-clair-face-off-in-paternity-ba/. ("Conservative author and influencer Ashley St. Clair appeared in a Manhattan courtroom Thursday in her ongoing paternity and custody battle over Elon Musk's secret infant son.  New York Supreme Court Judge Jeffrey Pearlman sealed the proceedings after St. Clair, her attorneys and Musk's legal team arrived in court Thursday morning. . . . St. Clair is suing Musk for custody of her son[.]").

Defendants agree with Plaintiff in one respect.  There has been substantial briefing on the transfer motion to date, and the Court has enough before it to decide the motion.  Respectfully, the Court should transfer the case.

Respectfully submitted,

/s/ *Michael Shuster*
Michael Shuster

---

*St. Clair and Cameron Casky: Leaving the MAGA Cult*, The Bulwark  (Mar. 17, 2026), https://www.thebulwark.com/p/ashley-st-clair-and-cameron-kasky.