UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

ASHLEY ST. CLAIR,

                      Plaintiff,

         -against-

X.AI HOLDINGS CORP.,

                Defendants.

------------------------------------------------------------- x

1:26-cv-00386-ALC

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

On June 23, 2026, this Court issued an Opinion & Order transferring this case to the United States District Court for the Northern District of Texas. *See* ECF No. 96. On June 29, 2026, Plaintiff filed a motion to stay the proceedings in this case pending review of a petition for writ of mandamus with the Second Circuit regarding the transfer order. *See* ECF No. 97. For the reasons that follow, Plaintiff's motion to stay is hereby **DENIED**.

"A stay is an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Ozturk v. Hyde* 136 F.4th 382, 390 (2d Cir. 2025) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)) (quotation marks omitted). "The party

1

requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion." *Id.* (quotations omitted). The standard for a stay pending the disposition of a mandamus petition is the same as the standard for a stay pending appeal. *Monbo v. Nathan*, No. 18-CV-5930 (MKB), 2021 WL 2530710, at *2 (E.D.N.Y. June 21, 2021). The four stay factors courts consider are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injury the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. at 434 (2009).

The two most critical factors are likelihood of success on the merits and irreparable injury. *See id.* at 434 (2009) ("The first two factors of the traditional standard are the most critical."). "Where the likelihood of success on the merits is significant, less irreparable harm must be shown, and vice versa." *In re Anderson*, 560 B.R. 84, 89 (S.D.N.Y. 2016) (citing *LG Elecs., Inc. v. Wi-LAN USA, Inc.*, No. 13 Civ. 2237 (RA), 2015 WL 4578537, at *1 (S.D.N.Y. July 29, 2015)). "In no case, however, is it 'enough that the chance of success be better than negligible,' or that there by a mere 'possibility of irreparable injury.'" *Id.* (citing *Nken*, 556 U.S. at 434). Indeed, a stay is an "intrusion into the ordinary processes of administration and judicial review," and as such, it "is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken*, 556 U.S. at 427 (internal quotations and citations omitted).

   1)  Plaintiff fails to make a strong showing that she is likely to succeed on the merits.

"The movant must show not just a likelihood of success on the merits, but that the Second Circuit is likely to grant mandamus." *Monbo v. Nathan*, No. 18-CV-5930 (MKB), 2021 WL 2530710, at *2. "The writ of mandamus is a drastic and extraordinary remedy which is granted only in exceptional circumstances amounting to a judicial usurpation of power, or a clear

2

abuse of discretion." *Id.* at *3 (internal quotations and citations omitted). "Mandamus is not 'a substitute for the regular appeals process.'" *Id.* (citation omitted). For a writ of mandamus to issue, a mandamus petitioner must satisfy three conditions: "(1) have no adequate means to attain the relief [she] desires, (2) show that [her] right to issuance of the writ is clear and indisputable, and (3) show that the writ is appropriate under the circumstances." *Id.* (internal quotations and citations omitted). First, as to adequate alternative means for relief, Plaintiff acknowledges in her motion that once an action has been transferred from one federal court to another, it is possible to move the transferee court to return the case to the transferor court. *See* ECF No. 97 at 9. Second, Plaintiff fails to make sufficient showing that her right to issuance of a writ is clear and indisputable. Indeed, Plaintiff's arguments going to this prong—many of which misconstrue the Court's findings—only reargue the same points already put before and considered by this Court. While Plaintiff may disagree with the Court's findings, this is not sufficient to meet the high bar demanded for a writ to issue. "Mandamus does not lie to review mere error in the disposition of § 1404(a) motions, but only to redress a clearcut abuse of discretion." *A. Olinick & Sons v. Dempster Bros.*, 365 F.2d 439, 445 (2d Cir. 1966). Indeed, this Court, in reaching its decision to transfer this case, considered extensive briefings from the parties submitted over the course of months on this issue. As such, Plaintiff is unlikely to make out a clear abuse of discretion here. *See id.* ("We cannot hold that the trial court's decision to transfer the present case, made only after oral argument and the submission of thorough affidavits and memoranda of law, … was a clear-cut abuse of discretion.").

2) Plaintiff fails to demonstrate irreparable harm.

As for the second factor, irreparable injury, Plaintiff argues that she will have no meaningful recourse for relief if a stay is not granted here. Specifically, Plaintiff argues she "is

3

without resources to travel extensively to litigate this case if a stay is not granted." *See* ECF No. 97 at 9. The Court acknowledges that Plaintiff may suffer harm if the case is transferred to Texas because it is not her choice of forum and at some point in time, she may have to travel there. However, neither harm is sufficient to constitute irreparable injury. As the Supreme Court explained, "[t]he key word in this consideration is *irreparable*. Mere injuries, however substantial in terms of money, time, and energy necessarily expended in the absence of a stay, are not enough." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). In any event, Plaintiff has counsel in the transferee court who has already entered an appearance on her behalf. *See* ECF No. 101 at 2. Plaintiff's counsel can appear on behalf of Plaintiff for many court appearances. Plaintiff may also be able to make virtual or telephonic appearances. Indeed, Plaintiff, despite the case having been pending in this Court for nearly six months, had never made a physical appearance in this case. Plaintiff also argues she will be irreparably injured because the standard to return a case to the transferor court is even more stringent. *See* ECF No. 97 at 9. A more stringent legal standard is not a sufficient basis to argue Plaintiff will be irreparably injured. "Irreparable harm is 'injury that is neither remote nor speculative, but actual and imminent.'" *Monbo v. Nathan*, No. 18-CV-5930 (MKB), 2021 WL 2530710, at *4. Last, it is worth noting that this case was transferred pursuant to a forum selection clause, which is more significant than if the Court's analysis had been based on considerations such as convenience of the parties and witnesses.

    3) Granting a stay will not substantially injure Defendants.

As for the third prong which considers effect on the other parties, Plaintiff agues "there is no ongoing or imminent harm to Defendants that would justify an immediate transfer." *See* ECF No. 97 at 10. If in fact the delay caused by a stay would harm the Defendants, they should say so. Although delay can weigh against stay for this prong, (("The delay in this action weighs against

granting a stay because Defendants have an interest in the resolution of this proceeding." *Monbo v. Nathan*, No. 18-CV-5930 (MKB), 2021 WL 2530710, at *4 (citing *Metro Found. Contractors, Inc. v. Arch Ins. Co.*, No. 09-CV-6796, 2011 WL 2947003, at *2)), the Defendants do not address this at all. Thus, the Court finds that this factor favors granting a stay.

4) Granting the stay would not be in the public's interest.

Plaintiff's arguments falter regarding the fourth factor, which considers the public interest. "There is a public interest in the resolution of litigation, and that interest favors denying a stay." *Id.* (citing *Yan Ping Xu v. Suffolk County*, No. 19-CV-1362, 2021 WL 1163007, at *10 (E.D.N.Y. Mar. 26, 2021)). As such, the interest of the non-moving parties and the public interest favor the resolution of litigation and leans against a stay.

Not only do the most important factors, likelihood of success and irreparable harm, favor denying a stay, but also the public interest is served by denying a stay. The only factor favoring a stay is the lack of substantial injury to Defendants.

For the foregoing reasons, Plaintiff fails to meet her burden to demonstrate the balance of factors tips in her favor. Thus, Plaintiff's motion to stay is **DENIED**. The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 97 and proceed with the transfer ordered in this case.

**SO ORDERED.**

Dated: **July 2, 2026**

New York, New York

**ANDREW L. CARTER, JR.**

**United States District Judge**